COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:        Troy Shane Reddick v. Jennifer Eve Reddick

Appellate case number:      01-12-00576-CV

Trial court case number:    2005-41978

Trial court:                311th District Court of Harris County

On March 2, 2012, the trial court signed an "ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP," lowering Troy Reddick's child support obligation to $1,875.00 per month. On appeal, both Troy Reddick and Jennifer Reddick argue, in their briefs, the issue of intentional underemployment. Although the Texas Supreme Court has stated that "the trial court must make a finding of intentional unemployment or underemployment and its decision to base child support on earnings potential rather than actual earnings must be supported by the record," no finding regarding intentional unemployment or underemployment appears in the appellate record. *See Iliff v. Iliff*, 339 S.W.3d 74, 82 (Tex. 2011). As a result, we abated this case on March 22, 2013 and directed the trial court to enter a finding indicating whether or not it found Troy Reddick to be intentionally unemployed or underemployed.

Nevertheless, no supplemental clerk's record containing any findings of the trial court has been filed with the Clerk of this Court, and the trial court clerk has filed an information sheet stating that the trial court "has yet to rule and/or make a finding in this case." Further, Troy Reddick has filed a "Motion to Compel and for Contempt" based on the trial court's failure to comply with our abatement order. In his motion, Troy Reddick requests that we hold the trial court in contempt for failing to comply with our order or, alternatively, issue a writ of mandamus commanding the trial court to comply with our order,[1] issue a writ commanding the trial court to

---

1   Troy Reddick filed his document as a motion, not as an original proceeding seeking mandamus relief, states in his motion that contempt, not mandamus, is appropriate, and fails to comply with any of the requirements of Texas Rule of Appellate Procedure 52. *See generally* TEX. R. APP. P. 52. Further, Reddick has not paid the filing fee to commence an original appellate proceeding seeking extraordinary relief. *See* TEX. R. APP. P. 5, 52.1; *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1).

reinstate the case on the trial court's docket, and issue an order recusing the trial court judge from presiding over any further hearings in this case.

Accordingly, we continue the abatement of this appeal and remand for the trial court, without holding an additional hearing, to:

1) Enter a written finding of fact, separate and apart from any docket sheet notations, indicating that the trial court either found or did not find Troy Reddick to be intentionally unemployed or underemployed at the time of the hearing in this matter;

2) If the trial court found Troy Reddick to be intentionally unemployed or underemployed, memorialize the finding by entering a written finding of fact, separate and apart from any docket sheet notations; and

3) Make any other written findings and recommendations the trial court deems appropriate regarding the intentional unemployment or underemployment issue, which shall be separate and apart from any docket sheet notations.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and conclusions with this Court within 30 days of the date of this order.

We further DENY Troy Reddick's motion.

This appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with this Order are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: /s/ Sherry Radack
☑ Acting individually     ☐ Acting for the Court


Date: October 1, 2013

---

Accordingly, we will not consider a one-paragraph alternative request contained within a motion as a petition for writ of mandamus.